In the second case for today, Chambers v. North Carolina, we'll hear from Mr. Miano. Thank you, Your Honor. May it please the Court, my name is Burt Miano, and I represent Margaret Chambers, the appellant in this case. This case arises under 42 U.S. 1981 and 1983 and concerns the proper application of the four-year statute of limitations set out in 28 U.S.C. 1658. In short, the question here is, does the statute of limitations for this case depend on the remedy or does it depend on the underlying right? The District Court erred. Mr. Miano, before we get to that, which I agree is an important and difficult question in this case. Could you just make sure that I understand what aspects of the District Court's decision are you challenging and which are you not? Because I agree that statute of limitations issue is very important, but there are also some questions about sovereign immunity and whether defendants can be sued in the 11th. I just want to make sure I understand exactly what parts of the District Court decision you are asking us to reverse. Yes, Your Honor. The District Court dismissed all of Ms. Chambers' claims under 1981. She dismissed claims against two individual defendants in their official and individual capacity. She dismissed all claims against the State Department of Justice, which was her employer. What's before us right now? Excuse me? What are you challenging? I'm sorry. I'm challenging the dismissal of the individuals in their individual capacity and I'm challenging the dismissal of everything under the statute of limitations ruling. But, for example, if you can't sue the North Carolina Department of Justice because the North Carolina Department of Justice has sovereign immunity, then the statute of limitations doesn't matter with regard to the North Carolina Department of Justice, right? Yes, Your Honor. But we also sought prospective relief in the... Sure, but you can't seek even prospective relief against the North Carolina Department of Justice. That's just not a proper defendant under 1983. I understand, Your Honor. I guess I'm saying, are you challenging that holding that you just can't sue the North Carolina Department of Justice? No, Your Honor. We're challenging the holding that the dismissal of the individual defendants and the statute of limitations issue. And this is so far as the Section 1981 right that comes through Section 1983? That's right. That's just it? Not the other? Okay. So, not the constitutional claims. Those are out of the case? That's right. Okay. So, it's just 1981, which means it's just race discrimination against these two individual employees. Is that right? The two individual defendants? That's correct. Okay. So, the district court applied the two-year statute of limitations set out in the State Personal Injury Statute in North Carolina. Did you say two or three? I'm sorry. It's three years. Three. Okay. Sorry. This case was filed just under four years after Ms. Chambers was terminated. So, whether the three-year of the North Carolina state statute or the four-year of the federal statute under 1658 applies determines whether this case can proceed against the individual defendants. The district court did not discuss Jones v. R. Ardonalee, which is a U.S. Supreme Court case that was decided unanimously in 2004. In that case, the court construed 1658 very broadly to say that any case which arises under an enactment post-1990 gets the 1658 statute of limitations, which is four years. Ms. Chambers' claims are all post-contract formation claims. They are under 1981. Before 1991, post-contract formation claims were not possible under 1981. Those were enabled by the Civil Rights Act of 1991. They didn't exist prior to that. That was a reversal of the Patterson decision by the U.S. Supreme Court. In Jones, the Supreme Court construed the language arising under or arose after enactment to mean that any statute that either didn't exist prior to 1990 or that was amended and the actual rights changed after 1990 so that a claim would be made available after 1990 that was not available before that. That meant that 1658 applied and the four-year statute of limitations would apply. No circuit court has directly addressed this other than the 11th Circuit because there is a unique twist in this case. Of course, we are suing a state actor. That means that it is not just a 1981 claim. It is a 1981 claim brought through the procedural vehicle of 1983. The 11th Circuit is the only circuit that has addressed that specific set of facts and that specific procedural posture. In Baker v. Birmingham School Board, the 11th Circuit held that the four-year statute of limitations set forth in 1658 must be applied because of the broad language in Jones, which elements of the claim in the case arose out of the 1991 Civil Rights Act. That is to say, the 1991 Civil Rights Act amended Section 1981 and added additional claims. Before 1991, only pre-hiring claims were available under 1991. The 1991 Act changed that so that 1981 claims could include post-contract formation claims. Is all of this to say simply that this action is one that came after 1991? Therefore, it has a four-year statute of limitations. That is kind of it? That is it, Your Honor. The case law is... You have a lot of words here saying the same thing over and over again. I am not saying that you can't. If what you are saying follows logically there, it could not have existed before 1991 if you were to assert. If it is in fact the case that the Jones case applied to matters coming up in 1990, it could not have existed before 1990. You have said that. I have, Your Honor. If you want to amplify it a little bit more, how do you want to move from there? Maybe wait to see what the other side says? I am sorry, Your Honor. The issue really is that the combination of 1981 and 1983 is what led the court, I think, to make its decision that it would dismiss the claims based on the shorter statute of limitations. 1983, of course, does not have a statute of limitations. It typically borrows the appropriate state statute for personal injury torts. That is what the district court did here, which led to the decision to dismiss the claims. If the court had construed Jones in the way that I am suggesting it should be construed and the way the Eleventh Circuit construed it, the court would have applied the four-year statute of limitations. It is the combination of a 1981 case, which clearly, 1981B, which is the amended section, 1981B would clearly get the four-year statute of limitations. I don't think there would be a dispute about that. The question here in this case that I think where the district court erred is that because this case was brought under 1983 as the procedural vehicle to get the claim against the state actor, the 1981 claim against the state actor, they applied instead of the 1981B statute of limitations, they applied the 1983 statute of limitations. I believe that is error. That is what we are here for. Can I just go back to something we started with? I just want to make absolutely sure I have this right. Are you continuing to pursue the official capacity claims against the individual defendants? No, Your Honor. We are pursuing the individual capacity claims. Okay. But are you still seeking reinstatement? It is my understanding that one of the two, Ms. Pendergraft, one of the individual defendants, is still in a position where she could order reinstatement. So we are still seeking reinstatement. Doesn't it seem bizarre to order an individual defendant to grant a remedy of reinstatement of employment? That just seems real weird to me. Like, tell my former supervisor that they need to rehire me in a case in which my employer is not a party. Doesn't that seem weird? It is an odd posture, Your Honor. Is that allowed? I believe that Ms. Pendergraft would have the authority to make that remedy. And I believe that that remedy would not violate the immunity claim of the state. I might agree with that if you were pursuing an official capacity claim, but I guess that strikes me as an official capacity claim that maybe you're allowed to bring because of the ex parte Young exception to the 11th Amendment. But this is the reason I asked you if you are abandoning your official capacity claims, because I think the answer might matter in terms of whether or not you have a viable claim for reinstatement. Understood, Your Honor. We have not dropped the claim, the official capacity claim, officially. It was dismissed as part of this motion that we're appealing. Did you drop it unofficially? And on the appeal, no. I don't understand what you're talking about. No, on appeal we have not. We raised the issue in our brief. Okay. And we applied, seek to apply the ex parte Young doctrine to escape the immunity issue and pursue the equitable claims against the state of Florida. Can you bring an official capacity claim for prospective relief, a reinstatement type claim? That's the differentiation here. You said no official capacity. If not an official capacity, I think we go back to Judge Hyden's point. How does an individual do this? So either you are pursuing an official capacity for prospective relief, which would be a reinstatement,  I disagree. Yes, Your Honor. Perhaps I misspoke. What we're seeking is, as we go forward, if we get the statute of limitations applied and the dismissal reversed, we would seek to pursue reinstatement against the state and the individual defendants. I thought you agreed that the state can't be a party to an immunity suit. I believe they can on the exception set out in ex parte Young. Okay. So what you mean is you would pursue your official capacity suit against the individual defendants for prospective relief in the form of reinstatement? That's correct. Okay. I almost hesitate to ask this, but are you seeking damages against the individual defendants in their official capacity? No. Okay. We're seeking damages only against the individual defendants in their individual capacity. Thank you. For our purposes here, if we were to agree with you that the statute of limitations is four years, do we need to go any further? All these other issues, do we just send that back to the district court? Is there more for us to decide in terms of sovereign immunity and other issues? Your Honor, I would say that if you reverse on the statute of limitations issue, you would reverse and remand for the court to address the immunity issues because the court really neglected to address those in substance given its decision on the statute of limitations issue. That was the primary finding in its order and the primary reason that it dismissed all claims without differentiating between individual claims or prospective relief claims. Thank you. We'll hear from the appellee, Mrs. Henderson, in this case. Thank you, Your Honor. Good morning and may it please the court. My name is Tamika Henderson and I represent the North Carolina Department of Justice and individual defendants Robin Pendergraft and Timothy Rogers. This court should affirm the district court's grant of dismissal for two basic but very sound reasons. First, 1981 claims cannot be asserted against state actors. Second, because 19… That gets rid of the Department of Justice. Yes, and it sounds to me like my colleague has abandoned his claims. We're clear of that. We're not talking about the individual. Correct. And second, because 1983 is the exclusive remedy against state actors and this court's applying the three-year North Carolina… 1983 gives you a remedy? 1983, I don't think it did anything except allowed you to assert rights. So you either got to come under the 14th Amendment or some other. He's not bringing that. He says it's Section 1981. So that's the… Isn't that the right in which you have to go? 1983 only empowers you to use 161981. You don't get anything from 1983 because it doesn't even have a statute of limitations, does it? Right? That's correct. That's why this court has always applied the three-year North Carolina personal injury statute of limitations to 1983 claims. And there is a dichotomy between the rights under 1981 and the remedial statute 1983. And so if I could just start there, I think it would be instructive to look at the complaint and what the plaintiff has actually alleged in this case. This is in light of Jones. Correct. So under count one, the plaintiff alleged wrongful termination in violation of the 1st and 14th Amendments. It seems like he's abandoned that claim, but I think it would be instructive for the apply the three-year statute of limitations. We want to talk about count two, right? The 1981. Correct. We probably could agree with you on count one that, yeah, you were dealing with just 14th Amendment and that sort of thing. You got it. Correct. Section 1981. Correct. But I think it illustrates the absurd result that would happen if this court adopted my four-year catch-all limitations. The absurdity is that you... Just to make sure I understand it correctly. The absurdity would be that basically the same claim would be untimely if brought under 1983 and the 14th Amendment directly, but would be timely if brought under 1983 via 1981. Is that the absurdity? Correct. But we have that absurdity all over the place. We have... So for example, your Title VII claim can be time-barred, but your 1981 claim... Maybe it's a matter of does the universe make a lot of sense? Maybe not, but it's routine that the same person could have some claims that are time-barred and some that are not, right? Under the same remedial statute? Well, let me give you this. If I claim that I was discriminated against based on my race by my employer in firing me, I have a claim under both Title VII and 1981. Correct. But it is absolutely possible that my Title VII claim is time-barred and my 1981 claim is not. Right? That's completely possible. That's completely possible. But in this case, you'd have claims brought via 1983 because you would be enforcing Count 1 under 1983 also. You'd have two claims brought under the same remedial statute having two different statute of limitations, and that's the absurd result. If I could just... Just in terms of absurd results, isn't there... I mean, on the other side, I don't know if I call it an absurdity, but something of an anomaly, right? The Supreme Court already held in Jones this exact Section 1981 claim is governed by the four-year statute of limitations, and that would apply to every private... every employee of a private employer in the country, but if you happen to be employed by a state employer, you have a different statute of limitations. That seems weird. It's actually not weird, and I think that's one thing that distinguishes Jones and why it should not be applied in this case. First, Jones was against the private actor. It was directly under 1981. This Court has ruled that 1983 is the exclusive remedy against state actors, and that's why district courts have routinely said 1981 claim against state actors merges with 1983, so they totally disregard 1981, and they look at 1983. And because Jones was against a public employer, the Supreme Court did not address the issue that we see in this case, which is, does a plaintiff who is using the remedial measures of 1983, does the statute of limitations from 1981 apply in that case? Of course, they didn't have the opportunity to address that in Jones, so I don't think Jones is applicable in this case, and if I could just, for a minute, discuss the 11th Circuit's decision in Baker and discuss why this Court should not adopt that reasoning. In other words, you think Baker is just wrongly decided. It's wrong, and I'd like to tell you why. It's threadbare, and it doesn't withstand even the slightest scrutiny, and the 11th Circuit gave two reasons for imposing the four-year catch-all statute of limitations in Baker. The first reason they gave was Jones, and they said that, well, Jones urges an expansive application of the four-year statute of limitations. That's not exactly what Jones said. If you look at Jones, the Supreme Court was reviewing a lower court's decision that said the four-year statute of limitation applies to causes of actions enacted after 1990. But in Jones... Right, that's not what Jones... I'm literally looking at page 382 of Jones right now that says, we conclude a cause of action arises under an act of Congress enacted after December 1, 1990, and the four-year statute of limitations applies. Here's the language. If the plaintiff's claim against the defendant was made possible by a post-1990 enactment, that's what Jones says is the test for whether something is governed by 1658. I don't see any plausible argument here that this plaintiff's claim was not, quote, made possible by the post-1990 amendment, because if they had brought this claim before 1990, they would have been dismissed under Patterson. So what am I missing? Correct. And if you look at what the court was looking at in Jones... I'm not looking at what they're looking at in Jones. I'm looking at the language of the Supreme Court about what the statute means. Correct. And the reason why they used that language is because the lower court had said it only applies to causes of actions enacted after 1990, and the Supreme Court said, no, it's more expansive than that, the language you just used. It applies to even amendments if it was made possible by any enactments, including amendments after 1990. My argument is that this cause of action was not made possible by any amendments to 1981 because the causes of action, he has to assert it under 1983. But it doesn't say cause of action. So you keep changing the words of the Supreme Court. What the court says is not that the cause of action was made possible. What they say is the plaintiff's claim against the defendant. The claim is the underlying substantive basis for relief. It's not the procedural mechanism by which you vindicate it. And the claim was made possible by the 1990 amendment. I would argue that the claim was not made possible by the 1991 amendment because any claim under 1981 against state actors is not possible. It has to be under 1983. And the Supreme Court has said in Abrams, which the 11th Circuit cited, that it doesn't matter the rights that the... Let me ask you this. Could this claim have been brought before 1991? No, because it's... Why is that? You had 1983 was here. You said it's made possible by 1983. Why couldn't you bring it by 1983 as a vehicle for this claim before 1991? You could have brought this claim under 1983. How? What would have been the right that you would have asserted as a basis for 1983 being a vehicle to bring this claim? How would you bring it? 1983 in and of itself is not a right. You can't assert 1983 rights. It is a vehicle by which you assert rights under the Constitution. And if this was created by an amendment in 1991, you correctly stated you could not have brought it before 1991. Under 1983, there's nothing else out there. So when it's actually enacted, then you can use 1983 to bring this action that's created in 1991. That's the point I think Judge Heitner is trying to make. I see your point. That's hard to argue against. You do know this, don't you? I see your point, Judge Wynn, that because this was a post-contract, but this court in 1983 is kind of hollow. It's a nice vehicle. There's a lot of history on 1983. It's a vibrant section. It's a beautiful section in my perspective. But what it doesn't do, it doesn't have the rights there. It gives you a vehicle to get the rights. And it's only when those rights are created you can then assert it. This one, under 1981, is not created until the 1991 amendment. That's the point. And then you get Jones to say everything post-1990 is covered under the four-year statute of limitations. That's a lot, isn't it? That is a lot. No, I mean a lot. L-O-C-P. Oh, a lot. I'm going to say it's not a lot, Judge Wynn. And I'm going to go back if I can. Go back and show us why it's not a lot. It looks like a lot to me. Can I actually ask you? I think this will be related, so I don't want to pile on, but it's part of your answer. So it's not just that 1983 is sort of like an empty vehicle. It's that you get under 1983, the defendant, state employer, gets 1983 defenses. It's qualified immunity. That, I thought, was sort of the point. Like on the upside, the state defendant, the reason we make people go through 1983 in part is so that the state defendants will have the ability to raise 1983 defenses like qualified immunity. But that seems to be, I'm not sure I can even, what I want you to address is it's sort of like you get your defenses, like that's what you get by virtue of JET and having to go under 1983. You don't get a different statute of limitations. So I agree that we do get the defenses under 1983, but we are not arguing for a different statute of limitations. I agree, Judge Wynn, that Jones clearly says after 1990, if the cause of action arises after 1990, it's a four-year statute of limitations. And you agree this action was only possible after 1990? Because it's post-contract. Yes. Because you didn't have an amendment until 1991. And I know you won't think much of this argument, but 1983 has not been amended. And I go back to that. 1983 has not been amended. I think what you, well, maybe where we might be disagreeing is what is 1983? Any right, 1983 alone, you will never see it asserted. You have a right on Section 1983 and move forward. You have to put some right law under that in order to enforce it. So you use the constitutional vehicle to do it or the legal, the law vehicle. Here, the law is this 1991 law. That's the thing. You go back to 1983, but substantively, as I say, it's a beautiful vehicle, but it only empowers you to assert these rights. And you've got to put the right in there. If you don't put the right in there, you don't even get in court. I see what you're saying, but if I could go back to the 11th Circuit decision in Baker, and they relied upon, in a footnote, a different Supreme Court case, Abrams. And in Abrams, the plaintiff was attempting to assert a Telecommunications Act violation via 1983. And the Supreme Court addressed the question, well, can you do that? And they said no. And one of the reasons why Baker relies on Abrams is in a footnote, in dicta, the Supreme Court mentioned trying to exemplify why the TCA could not be asserted via 1983 when it had a 30-day statute of limitations. It said it could be that maybe the four-year statute of limitations applied because of what we've said in Jones. But what they also said in Abrams is that the 1983 action does not depend on the federal statute that is being enforced, which would suggest that 1983 is always subject to the state statute of limitations. If the Supreme Court has said that a 1983 action does not depend on the federal statute that's being enforced, then I think that supports my argument that this claim does not arise under the amendments to 1981. If the Supreme Court has said it does not depend on the – 1983 action does not depend on the underlying federal statute that is being enforced, and I think that supports my argument that you continue to apply the state's statute of limitations. Thank you very much. I appreciate your argument. We will hear from the applicant. Mr. Piano. Just a couple of additional points. Jones, as we've discussed, was decided very broadly. It did not include the 1983 issue in that case, but it was otherwise. It defined the application of 1658 very broadly. And in a decision a year later, the Rancho Palos Verdes decision, Justice Scalia said in dicta that he was referring to a TCA claim brought using the vehicle of 1983. And he said since the claim here rests upon violation of the post-1990 TCA, section 1658 would seem to apply. Now they decided that case based on the fact that – on a TCA question rather than the statute of limitations issue. So that particular sentence that I just read to you is not the holding in the case. But it does reveal that the Supreme Court's conclusion in Jones, which applied the 1658 four-year statute to a 1981 claim that arose after 1990, without the vehicle of 1983, would likely be applied at least by Justice Scalia to this case because it has the 1983 vehicle with the 1981 rights for post-contract claims plugged into the vehicle. That particular set of facts is the nuance here. I think Baker v. Birmingham obviously was decided correctly. It does not just rely on the broad language of Jones. It relies on a half-dozen or more district court cases that also reach the same conclusions. A few district court cases reach the contrary conclusion. But the Supreme Court's language in Jones regarding the uniformity of statute of limitations and people being able to have certainty about how long a statute of limitations should be leans in the direction of applying the consistent 1658 statute to all 1981 post-contract claims that are brought under 1983. Regardless of what state they're brought in, if you rule the other way, every state is going to have a different statute of limitations for post-contract formation claims under 1981. And that is against the uniformity provision that the Supreme Court clearly wanted to enforce under Jones. Thank you. Thank you very much. We'll come down and greet counsel and proceed to the third case of the day.
judges: James Andrew Wynn, Pamela A. Harris, Toby J. Heytens